NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 6 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YADIRA LIZETH FERNANDEZ; et al.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-1046

Agency Nos.
A209-399-941
A209-399-942

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2023**

Before: CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Yadira Lizeth Fernandez and her son, natives and citizens of Honduras,

petition pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") decision denying

their request for a continuance, their application for asylum, and Fernandez's

applications for withholding of removal and protection under the Convention

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Because petitioners do not challenge the agency's determination that they failed to establish they suffered harm that rises to the level of persecution, we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). Substantial evidence supports the agency's determination that petitioners failed to establish an objectively reasonable fear of future persecution in Honduras. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, petitioners' asylum claim fails.

In this case, because Fernandez failed to establish eligibility for asylum, she failed to establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

In light of this disposition, we do not reach petitioners' contentions regarding nexus. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts are not required to decide issues unnecessary to the results they reach).

We reject as unsupported by the record petitioners' contentions that the agency ignored evidence or otherwise erred in its analysis of their claims.

Because petitioners do not contest the BIA's determinations that they waived challenge to the IJ's denial of their request for a continuance and

Fernandez's CAT claim, we do not address them.  *See Lopez-Vasquez*, 706 F.3d at 1079-80.

The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**